JOHNSON ET AL. *v.* ROWE

[No. 16,537.   Filed April 14, 1941.   Rehearing denied
May 27, 1941.]

*Mountz & Mountz,* of Garrett, for appellants.
*Atkinson & Sanders,* of Auburn, for appellee.

CURTIS, J.—The facts most favorable to the appellee, which we are required to consider, are substantially as follows:

One George F. Rowe, was the owner of a 40-acre tract of land in DeKalb County, Indiana, which he deeded to his four children: Ora E. Rowe, Dayton Rowe, Daisy Johnson, and Ethel Goescheuis, as tenants in common, without any reservation.

This deed was duly placed of record in the recorder's office of DeKalb County, Indiana. The grantees in the deed permitted the grantor to use and occupy the real estate so conveyed until the real estate was sold. Negotiations were had by the father by which the real estate was sold to one Estel R. Shippy and his wife for the sum of sixteen hundred dollars. The deed was forwarded to the children at their respective homes to be executed and returned to George F. Rowe or Roy D. Johnson, to be delivered to the purchasers. Six hundred dollars of the purchase price was paid in cash. Two hundred dollars was evidenced by a promissory note due ninety days after date, and the balance, by a note secured by mortgage executed by the purchasers to the four tenants in common.

When the note for two hundred dollars had matured, the maker paid that sum to Roy D. Johnson.

About the time of the payment of the two hundred dollars, the appellants, Roy D. Johnson and Daisy Johnson, met Shippy and Shippy in a law office in the city of Garrett and requested them to make a new note and mortgage for eight hundred dollars, payable to Daisy Johnson, which was accordingly done; and the original note and mortgage were surrendered to the said Shippy and Shippy and the new ones substituted therefor. This was done without the knowledge of the other payees or holders of the note and mortgage, and they had no

notice or knowledge thereof until long after the note and mortgage had been paid to the appellants and satisfied.

The evidence is undisputed that none of the parties to whom the mortgage was payable, except appellants, knew anything about the transaction substituting the new mortgage. Estel Shippy testified that George F. Rowe also was not present at the law office in Garrett, when the transaction took place, and was very emphatic when cross-examined on that question. The appellants, however, testified to the contrary.

The evidence is undisputed, that none of the owners of the note for eight hundred dollars knew of the substitution, as we have heretofore stated; and the appellant Daisy Johnson testified that she did not consider it any of their business, claiming that the note belonged to her under a transfer directed by her father.

The appellee's complaint in one paragraph sought to compel the appellants to pay over to him one fourth of the money they had collected on the mortgage and in the real estate transaction as above set out, claiming they had collected it as the agents of the appellee. The prayer of the complaint was for $650.00. To this complaint, the appellants answered in three paragraphs, the first being a general denial. The second paragraph alleged that the real estate in question was, in fact, at all times the property of the father, George Rowe, and that he had conveyed the real estate to four of his children, including appellee and appellant Daisy Johnson, in trust, to be held by them for his use and benefit only and that the consideration received from the sale of said real estate, including both the cash and notes, was his property and that the appellee never had any right, title, or interest in the proceeds of the sale. Appellants' third paragraph pleaded that the right of the appellee, to any of the proceeds from the sale of the real estate

in question, had been previously adjudicated in a suit brought by the administrator of the estate of George Rowe against the appellee. The reply of the appellee, to the second and third paragraphs of appellants' answer, was in general denial.

Trial was had before the court, resulting in a finding for the appellee as to that part of the purchase price of the real estate which was evidenced by the note and mortgage. The judgment was in favor of the appellee and against both appellants for the sum of $288.00, being one fourth of the $800.00 for which the note was given by the said purchaser, together with interest thereon to the date of trial.

The errors relied upon for reversal are that the court erred in overruling the appellants' joint motion for a new trial and that the court erred in overruling the separate motion for a new trial of the appellant Roy D. Johnson. The causes or grounds in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

From our examination of the evidence, we think it abundantly sustains the decision of the trial court. It was no doubt greatly influenced by the fact that the appellants clandestinely surrendered, to the purchaser of the real estate, the first mortgage to all of the brothers and sisters, and influenced the said purchaser to execute a new, substitute note and mortgage to the appellants alone, and that they thereafter collected all of the said mortgage money and refused to pay to the appellee his one fourth thereof. We fail to see how the suit by the administrator of the father's estate against the appellee upon a note owing by the appellee to the father for a loan could, under the circumstances and facts, be held to be res adjudicata of the rights of the appellee against the appellants. It lacks

almost all of the simple elements that constitute a good plea of *res adjudicata*. We, therefore, do not feel that we should extend this opinion by a discussion of that rule of law.

The trial court had evidence before it from which it could reasonably conclude that the material allegations of the complaint were established and that the appellants had failed to show a good cause of defense and that both of the appellants were liable.

The decision of the court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 351.